Hon. PIERRE ADOLPHE 'ROST,  
Hon. GEORGE ROGERS KING, } *Associate Justices.*

## SUCCESSION OF FOSTER.

The homologation of a tableau of distribution presented by the widow and administratrix of the succession of a deceased husband, recognizing a mortgage of a third person upon certain slaves belonging to the succession, and ordering its payment, is conclusive against her right subsequently to claim a legal mortgage on the same property to the exclusion of such third person.

Where no neglect or maladministration is alleged, and there is no prayer that the administratrix be held liable beyond the fund acknowledged or shown to be in her hands, the mere fact that the assetts in her hands, at the time of the homologation of the first tableau of distribution, and which were ordered to be applied to the payment of a mortgage claim, were sufficient at that time to pay it, will not authorize, in an opposition by the mortgage creditor to the second tableau, a judgment against the administratrix, individually, for the amount of the claim, with the interest accrued since the homologation of the first tableau.

Money paid by an administratrix to a creditor of a succession, out of the proceeds of property subject to a previous mortgage, cannot be recovered back by the administratrix, where, at the time of the payment, there were funds in her hands proceeding from the sale of the mortgaged property sufficient to extinguish it, though, by the *laches* of the administratrix in suffering the mortgage claim to remain unpaid and from the accumulation of interest, the fund has become insufficient to extinguish it. She cannot avail herself of her own *laches* to recover money lawfully paid.

APPEAL from the District Court of St. Mary, *Voorhies,* J. *W. B. Lewis,* for the appellant. *Maskell,* for *Hillyer* and *Robbins. Splane,* for the heirs of *Thomas Foster.* The judgment of the court was pronounced by

---

* SLIDELL, J. was not present during this term.

ROST, J.  In 1835, the widow and administratrix of *Levi Foster*, whose succession was insolvent, filed a tableau of classification, upon which *Hillyer* and *Robbins* were placed as mortgage creditors upon certain slaves of the succession, therein named, for the sum of $3,666, with interest at the rate of ten per cent per annum from the 22d of October, 1831, until paid; this debt being liquidated by a judgment of the Supreme Court.  The decree homologating the classification authorized the administratrix to make payments in conformity therewith, as funds came into her hands.  She subsequently made various payments on this claim, by which it was reduced to 2,709 dollars and 48 cents, with interest at ten per cent from the 25th of October, 1843.  In 1845, the administratrix filed in court a second and final tableau, showing the payments made by her, and the assetts in her hands.  In this tableau the proceeds of the sale of the slaves mortgaged, to *Hillyer* and *Robbins*, and the interest received on those proceeds from the purchasers, are stated to amount to the sum of $6,461.  The claim of *Hillyer* and *Robbins* is represented as amounting to the sum of $5,477 61, upon which payments had been made to the amount of $4,863, 51.  The tableau further shows that the administratrix has paid to the heirs of *Thomas Foster* $1009 38, under a judgment which decreed to them the balance of the proceeds of the slaves mortgaged to *Hillyer* and *Robbins*, after satisfying the claim of the latter.  The tableau represents the sum coming to *Hillyer* and *Robbins* as being only $596 72.  These creditors have made opposition, on the ground that, the tableau, so far as it concerns them, is erroneous; they ask that the administratrix be held to strict proof of the payments made by her; that the tableau be amended; and that they be placed thereon, as they were on the first tableau, and allowed the sum and interest which they claim.

The heirs of *Thomas Foster* also made opposition, on the ground that they are privileged creditors, and have a tacit mortgage on the property of the succession for $10,000, and that they are not placed on the tableau as such.  The administratrix answered this opposition, and claimed, in reconvention, the sum of $1009 38, alleged by her to have been paid in error to these parties.

The opposition of *Hillyer* and *Robbins* was sustained for the whole amount of their claim ; and judgment was rendered against the administratrix, in favor of the heirs of *Thomas Foster*, for $120, with interest at ten per cent from the date of the last payment made to them.

The administratrix has appealed.  The sum now due to *Hillyer* and *Robbins* is correctly stated by their counsel, and they are entitled to the interest allowed by the judgment under which they claim.

The administratrix has applied one-third only of the price of the slave, *Hamilton*, to the payment of their claim, and has retained the remaining two-thirds under her legal mortgage.  This she has no right to do.  The judgment on the first tableau is conclusive against her.  The real amount in her hands is $7,084 47.  She has made payments to the amount of $4,863 51, leaving a balance of $2,221 16, which *Hillyer* and *Robbins* are entitled to receive.  The payments made to the heirs of *Thomas Foster* cannot prejudice them, the judgment of the court being that their mortgage be first satisfied.

The District Court held that, as the assetts in the hands of the administratrix when the tableau of classification was homologated, were sufficient to pay the entire claim of *Hillyer* and *Robbins*, she was bound to pay that sum, with the additional interest which has since accrued.

We are of opinion that the pleadings do not authorize that conclusion. No <span style="margin-left:1em">SUCCESSION OF</span> neglect or maladministration is alleged in the opposition; and there is no prayer <span style="margin-left:1em">FOSTER.</span> that the administratrix be held liable beyond the fund acknowledged or shown to be in her hands. That opposition cannot, therefore, be extended beyond that fund.

The heirs of *Thomas Foster* have not made out their claim, nor does their opposition contain any allegation under which the administratrix can be made personally liable; but we are of opinion that the payments made to these parties were not made in error; after they took place, the fund remaining in the hands of the administratrix was sufficient to pay the entire claim of *Hillyer* and *Robbins.* These payments, therefore, were lawful when they were made; and if, through the subsequent neglect of the administratrix, this claim has been increased by the accumulation of interest, and the fund remaining is no longer sufficient to satisfy it, she cannot be permitted to avail herself of her own *laches*, for the purpose of recovering money lawfully paid.

It is, therefore, ordered that the judgment in this case be reversed. It is ordered that, the tableau be amended, in conformity with the foregoing opinion; and that *Hillyer* and *Robbins* receive from the administratrix, out of the proceeds of the slaves mortgaged to them, the sum of $2,221 16. It is ordered that the costs of the District Court on this opposition be paid by the administratrix, and those of this appeal by the opposing creditors.

It is further ordered that the opposition of the heirs of *Thomas Foster* be dismissed, with costs, and that the claim of the administratrix against them in reconvention be disallowed.